**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| DYRA PARKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GOSHEN REALTY CORPORATION; ) <br> BRISTOL PROPERTIES ) <br> CORPORATION; VARIETY ) <br> WHOLESALERS, INC., d/b/a ROSE'S; ) <br> ROBERT NEELY; and JOHN DOE, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 5:11-CV-136 (MTT) |

## ORDER

This matter is before the Court on Plaintiff Dyra Parker's Motion to Remand (Doc. 14) and the Defendants' Motion to Dismiss Robert Neely (Doc. 18). The Plaintiff claims the Defendants' removal of this action was improper and moves the Court to remand the case to the Superior Court of Bibb County, Georgia, where the case was originally filed. The Defendants filed a response to the motion alleging fraudulent joinder and moving the Court to dismiss Defendant Robert Neely. (Docs. 17 and 18). Having reviewed the arguments of the parties and the relevant authorities, the Court finds that the Plaintiff has not fraudulently joined Defendant Neely. Accordingly, the Motion to Remand is granted, and the Defendants' Motion to Dismiss Robert Neely is denied.

**DISCUSSION**

This action involves a premises liability claim arising under the laws of Georgia. The Plaintiff originally filed suit against the Defendants in the Superior Court of Bibb County. In the complaint, the Plaintiff alleges that she tripped over a water collection bucket and injured herself in a Rose's retail store. The Defendants timely removed to this Court based on diversity of citizenship. On the face of the complaint, there is no federal subject matter jurisdiction because the parties are not completely diverse. The Defendants contend, however, that Defendant Robert Neely, a citizen of Georgia, was "fraudulently joined solely for the purpose of defeating diversity jurisdiction." (Doc. 1 at 4).

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). To prove fraudulent joinder, the Defendants must show that either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation marks and citation omitted). The burden of establishing fraudulent joinder is a heavy one, and "[i]f there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Triggs*, 154 F.3d at 1287 (emphasis in original) (internal quotation marks and citation omitted). "The determination of whether a resident defendant has been fraudulently joined must be based upon the Plaintiff's pleadings at

the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheo de Perez v. AT&T*, 139 F.3d 1368, 1380 (11th Cir. 1998) (citation omitted). The Court must evaluate all factual allegations in the light most favorable to the Plaintiff and resolve any uncertainties in the applicable law in the Plaintiff's favor. *Id.*

The Plaintiff's complaint alleges claims against Defendant Neely under the doctrines of active negligence, common law misfeasance, and statutory liability pursuant to O.C.G.A. § 51-3-1. The Defendants contend that Defendant Neely should be disregarded for jurisdictional purposes because there is no possibility the Plaintiff can establish a cause of action against him based on any of the above-mentioned theories of liability. The Court disagrees.

The Plaintiff's claims of active negligence and misfeasance revolve around the Plaintiff's general allegations that Defendant Neely failed to ensure that the Rose's store was kept in a safe condition. Specifically, the Plaintiff claims that Defendant Neely, as store manager, breached his duties by allowing a hazard to exist without giving warning to patrons, by placing or causing to be placed the water collection bucket that allegedly caused the Plaintiff's trip and fall in an area where he knew customers would be shopping, and by failing to inspect or initiate proper inspection procedures.

An agent can be individually liable for his or her actions involving misfeasance. *Reed v. Arrington-Blount Ford, Inc.*, 148 Ga. App. 595, 597, 252 S.E.2d 13, 15 (1979). Misfeasance is the "improper doing of an act which the agent might lawfully do," and "[i]t may also involve to some extent the idea of not doing; as where an agent engaged in

the performance of his undertaking does not do something which it is his duty to do under the circumstances, or does not take that precaution or does not exercise that care which a due regard to the rights of others requires." *Coffer v. Bradshaw*, 46 Ga. App. 143, 167 S.E. 119, 122 (1932).

Here, although the record does not contain any details of Defendant Neely's duties as store manager, it is likely that the general maintenance and upkeep of the store would fall within his job description. The fact that, as set forth in his affidavit, Defendant Neely was out of town at a managers meeting for the two days before the Plaintiff's trip and fall does not completely absolve Defendant Neely from potential liability. Neither party has produced any evidence regarding the specific circumstances leading to the Plaintiff's injury. Consequently, the Court cannot at this time conclude solely because Defendant Neely was not in the store at the time of the incident that he had no involvement with the incident and that there is no possibility of recovery against him. Accordingly, it is conceivable that the Plaintiff will be able to state an actionable claim against Defendant Neely under a theory of misfeasance.

The Plaintiff's complaint also contains claims against all the Defendants for failure to keep the premises and approaches safe, in violation of O.C.G.A. § 51-3-1. Section 51-3-1 states, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." By its express language, liability may be imposed under O.C.G.A. § 51-3-1 only against an "owner or occupier" of the premises. Georgia courts have defined an "owner or occupier" as a "person who

maintains a place of business to sell goods or services," *Rhodes v. K-Mart Corp.*, 240 Ga. App. 57, 58, 522 S.E.2d 563, 565 (1999), an "owner or person in charge of the premises," *Coffer v. Bradshaw*, 46 Ga. App. 143,167 S.E. 119, 122 (1932), or an individual responsible for "ensuring compliance with laws, ordinances, and regulations, and inspecting, maintaining, and repairing the premises" on behalf of the owner, *Norman v. Jones Lang Lasalle Americas, Inc.*, 277 Ga. App. 621, 622 n.2, 627 S.E.2d 382, 384-86 (2006). Based on these decisions, this Court, Judge Lawson presiding, noted that "[m]ost courts agree that exhibiting some level of supervisory control will be sufficient to include a store manager within the § 51-3-1 definition of 'owner or occupier.'" *Ott v. Wal-Mart Stores, Inc.*, 2010 WL 582576 at *2 (M.D. Ga. Feb. 16, 2010) (citation omitted).

The Defendants, relying primarily on *Adams v. Sears, Roebuck & Co.*, 277 Ga. App. 695, 490 S.E.2d 150 (1997) and *Anderson v. Atlanta Committee for Olympic Games*, 273 Ga. 113, 537 S.E.2d 345 (2000), contend that liability under O.C.G.A. § 51-3-1 cannot be extended to a managerial employee. In *Adams* and *Anderson*, the Georgia Court of Appeals and the Georgia Supreme Court, respectively, affirmed summary judgments in favor of the defendants, concluding that the individual defendants operating in their managerial capacities were not owners or occupiers under O.C.G.A. § 51-3-1. *Adams*, 277 Ga. App. at 697, 490 S.E.2d at 153; *Anderson*, 273 Ga. at 118, 527 S.E.2d at 350. Notably, however, the decisions in *Adams* and *Anderson* appear to be limited to the specific facts of those cases, and, contrary to the Defendants' assertion, they do not supply a hard and fast rule of law to which no exceptions apply. *See Poll v. Deli Management, Inc.*, 2007 WL 2460769 at *6-7 (N.D.

Ga. Aug, 24, 2007).[1] Moreover, as this Court and others have pointed out, "some uncertainty exists as to whether a store manager … may be held liable as either an 'owner or occupier' under O.C.G.A. § 51-3-1, or as an agent of an 'owner or occupier' under traditional agency principles." *Poll*, 2007 WL at *7. That is not to say that merely including a resident store manager as a Defendant will always be enough to prevent removal. In this case, however, viewing the facts and applicable law in the light most favorable to the Plaintiff and with the record as it currently exists, the Court is unable to conclude that there is no possibility that the Plaintiff's complaint states a cause of action against Defendant Neely. Accordingly, the Plaintiff's Motion to Remand is **GRANTED** and the Defendants' Motion to Dismiss Robert Neely is **DENIED**.

**SO ORDERED,** this 28th day of July, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] This Court and others have also noted that the conclusions reached in *Adams* and *Anderson* followed motions for summary judgment in which the cases had undergone intensive fact-finding and the records were significantly more developed. See *Ott*, 2010 WL at 3; see also *Poll*, 2007 WL at *6.